**In re Greg F. COLBOURNE, Debtor.**

**No. 6:10–bk–00983–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 10, 2010.

Andrew C. Baron, Orlando, FL, for Debtor.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtor's Motions to value the claims of Wells Fargo Dealer Services, Inc., f/k/a Wachovia Dealer Services, Inc. ("Wachovia"), and Deutsche Bank Trust Company Americas ("Deutsche Bank") (Doc. Nos. 23, 24, 25). Wachovia and Deutsche Bank object to the Motions (Doc. Nos. 28, 31, 32). A hearing was held on August 3, 2010 at which the Debtor, his counsel, and counsel for the Chapter 13 Trustee appeared. Neither Wachovia nor Deutsche Bank appeared.

The Court issued an Order on August 5, 2010 directing: (i) the Debtor to file and serve on Wachovia and Deutsche Bank a legal memorandum in support of his motions; and (ii) Wachovia and Deutsche Bank to file responses. The Debtor and Deutsche Bank filed briefs pursuant to the August 5, 2010 Order. Wachovia has not filed a brief in compliance with the August 5, 2010 Order. The Debtor's Motions are due to be denied pursuant to 11 U.S.C. Section 1328(f)(1) for the reasons set forth herein.

### Background

The Debtor filed this Chapter 13 case on January 24, 2010. He filed a Chapter 7 bankruptcy case captioned *In re Greg F. Colbourne,* Case No. 6:09–bk–12650–ABB, on August 28, 2009 and received discharge on December 31, 2009 pursuant to 11 U.S.C. Section 727(a). The Chapter 7 case was closed as a no asset case on December 31, 2009.

The Debtor's assets in the pending case include: (i) a 2002 Toyota Avalon ("Toyota") acquired by the Debtor in 2006; (ii) real property located at 3216 Hopewell Drive, Kissimmee, Florida 34746 ("Hopewell Drive") acquired by the Debtor in 2006; and (iii) real property located at 2818 Grasmere View Parkway, Kissimmee, Florida 34746 ("Grasmere View") acquired by the Debtor in 2006. Hopewell Drive and Grasmere View are single family residences. Hopewell Drive and Grasmere View are encumbered by first-priority mortgages held by Deutsche Bank. The Toyota is encumbered by a purchase money security interest held by Wachovia.

The Debtor resided at Hopewell Drive until February 2009 (Doc. No. 45). He has resided at 4580 Thoreau Park Drive, Apartment 308, Orlando 32839 since February 2009 The Hopewell Drive and Grasmere View properties are investment properties and neither is the Debtor's homestead.

These assets and encumbrances were listed in the Debtor's Chapter 7 case. The vehicle encumbrance was held by Wachovia Dealer Services, Inc. and the mortgages encumbering the real property were held by Saxon Mortgage, Inc. ("Saxon"). No objections to discharge or to the dischargeability of any debt were filed in the Chapter 7 case. The Debtor did not reaffirm the vehicle or mortgage debts.

### Motions to Value

Deutsche Bank, through Ocwen Loan Servicing, LLC, filed two secured claims, Claim Nos. 5–1 and 6–1, relating to the Hopewell Drive and Grasmere View properties. Wachovia filed a secured claim, Claim No. 2–1, relating to the Toyota. The Debtor, pursuant to 11 U.S.C. Sections 506(a) and 1322(b)(2), seeks to:

(i) cram down Claim No. 5–1 in the amount of $304,797.12 to $70,000.00 and pay such amount through his Plan with interest at the rate of 8.0% per annum;

(ii) cram down Claim No. 6–1 in the amount of $493,437.00 to $125,000.00 and pay such amount through his Plan with interest at the rate of 7.0% per annum; and

(iii) cram down Claim No. 2–1 in the amount of $11,608.41 to $5,800.00 and to pay such amount through his Plan with interest at the rate of 8.0% per annum.

The Debtor seeks to pay these creditors $0.00 on the unsecured portions of their claims on the basis the underlying debts were fully discharged in the Debtor's previous bankruptcy case pursuant to 11 U.S.C. Section 727. The Debtor filed a Chapter 13 Plan reflecting this intended treatment of Deutsche Bank's and Wachovia's claims (Doc. No. 12). These secured creditors object to such treatment.

■ This matter is governed by Section 1328(f)(1) of the Bankruptcy Code, as enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Section 1328(f)(1) provides:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—

(1) in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter....

11 U.S.C. § 1328(f)(1). The filing of a petition constitutes an "order for relief" pursuant to 11 U.S.C. Section 301(b). The four-year look-back period of Section 1328(f)(1) runs from the date of filing of the debtor's prior bankruptcy case and ends upon the filing of the Chapter 13 petition. *Carroll v. Sanders (In re Sanders)*, 551 F.3d 397, 399–400 (6th Cir.2008); *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272, 277–78 (4th Cir.2008) (addressing Section 1328(f)(2)). The "four-year embargo begins on the date of filing, not the date of discharge." *In re Sanders*, 551 F.3d at 400.

The Debtor filed his Chapter 7 case on August 28, 2009. He filed this Chapter 13 case on January 24, 2010, which is within four years of the petition date of his Chapter 7 case. The Debtor is precluded from receiving a discharge in the pending case pursuant to 11 U.S.C. Section 1328(f)(1).

■ The Debtor requires a discharge in this case to permanently modify the claims of Deutsche Bank and Wachovia. *In re Jarvis*, 390 B.R. 600, 606 (Bankr.C.D.Ill. 2008). Where a debtor is ineligible to receive a discharge in a Chapter 13, any modifications to the creditors' rights are not permanent and have no binding effect once the plan ends. *In re Lilly*, 378 B.R. 232, 236 (Bankr.C.D.Ill.2007). Because the Debtor is precluded from receiving a discharge in his Chapter 13 case, the motions to value the claims of Deutsche Bank and Wachovia are due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that the Debtor Greg F. Colbourne is not eligible for a discharge in the above-captioned case pursuant to 11 U.S.C. Section 1328(f)(1); and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Debtor's Motions to Value (Doc. Nos. 23, 24, 25) are hereby **DENIED.**